### BENSON vs. SHIPP.

APPEAL from the court of the sixth district.

Surrender of
an obligation
will not produce novation
if theevidence
shews it
was not intended to revive
nother debt
lieu of it.

PORTER, J. delivered the opinion of the court. The petitioner states that the defendant being indebted to him on a note executed at Natchez, in the state of Mississip

pi, bearing interest at ten per cent. placed sundry obligations in the hands of the plaintiff's attorney, to be collected by him, and that out of the funds he was to retain the sum of $823; that only a small sum has been collected on these obligations; and that the defendant still owes him the balance of the note.

The defendant avers, that the obligations alluded to were given in payment of his obligation, which was delivered up to him at the time the transaction was entered into. That the obligations placed by him in the hands of plaintiff's attorney, could have been collected if due diligence had been used, and that in no event is he liable, unless it be shewn that all legal and proper steps have been used to recover the debts received by the petitioner's agent.

There was judgment in the court below for the plaintiff, and the defendant appealed.

The receipt of the attorney, after enumerating the obligations put into his hands, states, "of the above amount, when collected, the sum of $823 is to be paid over to Eden Benson, and the balance, when collected,

to be accounted for to Shipp, Kay & Co. deducting five per cent. for collection."

Some time after this receipt, the note was given up, and the following counter letter taken :—

"We have put into the hands of H. A. Bullard certain notes, on some of which suits have been brought, out of the amount of which, when collected, he is to retain $823 for Eden Benson, to pay that balance *due on our note* of the 15th April, 1819.

(Signed)          Shipp, Kay & Co."

The defendant insists, that the surrendering the note is conclusive evidence that the attorney novated the debt, and that although it was not within his powers to do so, yet as the plaintiff has recognised and sanctioned the transaction by bringing suit on the agreement, it is as binding in him as if his agent had possessed full powers in the first instance.

The evidence does not prove a novation ; neither the receipt of the attorney, nor the counter letter, signed by the defendant, raises a presumption of it. The attorney states, that he had received the notes from the firm of which the defendant was partner,

*for collection,* and that out of the money received from them, he was to pay the plaintiff. The counter letter declares that " *we* have put into the hands of H. A. Bullard certain notes, out of which, when collected, he is to retain $823 for Benson." To constitute novation, one debt must be given for another. In this case, if the plaintiff novated the debt, it must have been for obligations other than those mentioned in the evidence, for they remained the property of the partnership of which the defendant was member,—were to be collected for their benefit and at their expence.

Then, as to surrendering the obligation. This in an ordinary case would be sufficient proof that the obligation it evidences was discharged, but the circumstances under which it was delivered here destroy that presumption. It is shewn that nothing was received for it. The note was surrendered by the attorney, who was agent for both parties, on the presumption that he would receive enough from the obligations put into his hands for collection, to meet it. But there is no evidence the parties understood it was *paid,* on the contrary, the counter

BENSON
*vs.*
SHIPP.

letter proves that there was a balance due, which was to be paid.

As to the allegation that there was negligence in collecting these debts. This may be so, but the plaintiff is not responsible for it, for the attorney was the agent of the defendant in making these collections.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Bullard* for the plaintiff, *Thomas* for the defendant.